| | | | |
|---|---|---|---|
| **Case Title :** | Jeroen Hans Willem Eichhorn and Peggy Ann Eichhorn | **Case No :** | 10-22917 - E - 13L |
| | | **Date :** | 8/10/10 |
| | | **Time :** | 01:00 |
| **Matter :** | [79] - Motion/Application for Relief from Stay [PD-1] Filed by Creditor Wells Fargo Bank, NA (Fee Paid $150) (pdes) [79] - Motion/Application for Adequate Protection [PD-1] Filed by Creditor Wells Fargo Bank, NA (pdes) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | NOT RECORDED | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014-1(f)(1) Motion No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on July 9, 2010, states that the Motion and supporting pleadings were served on Debtors, Debtors Attorney, Chapter 13 Trustee, other parties in interest, and Office of the United States Trustee. By the courts calculation, 32 days notice was provided.

Final Ruling: The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The failure of the Trustee, the Debtors, or other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(ii) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the Trustee, Debtors, and other parties in interest are entered, the matter will be resolved without oral argument and the court shall issue its ruling from the parties pleadings.

The Motion for Relief from the Automatic Stay is granted. No appearance required.

Wells Fargo Bank, N.A. seeks relief from the automatic stay with respect to the real property commonly known as 2026 Comstock Drive, Gardenerville, Nevada. The moving party has provided the Declaration of Teressa J. Williams to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by the Debtors.

The Williams Declaration states that the Debtors failed to make four post-petition payments, with a total of $7,330.80 in post-petition payments past due. From the evidence provided to the court, and only for

purposes of this Motion for Relief, the debt secured by this property is determined to be $327,828.39 (including $295,705.39 secured by movants first trust deed), as stated in the Williams Declaration, while the value of the property is determined to be $165,000.00, as stated in Schedules A and D filed by Debtors.

Based upon the evidence submitted to the court, and no opposition having been made by the Debtors or the Trustee, the court determines that there is no equity in the property for either the Debtors or the Estate, and the property is not necessary for any effective reorganization in this Chapter 13 case. 11 U.S.C. §362(d)(2). Further, the court determines that cause exists for terminating the automatic stay since the Debtors failed to make post-petition payments. 11 U.S.C. §362(d)(1); In re Ellis, 60 B.R. 432 (9th Cir. B.A.P. 1985).

The court shall issue a minute order terminating and vacating the automatic stay to allow Wells Fargo Bank, N.A., and its agents, representatives and successors, and all other creditors having lien rights against the property, to conduct a non-judicial foreclosure sale pursuant to applicable non-bankruptcy law and their contractual rights, and for any purchaser, or successor to a purchaser, at the non-judicial foreclosure sale to obtain possession of the property.

Because the moving party has established that there is no equity in the property for the Debtors and no value in excess of the amount of the creditors claims as of the commencement of this case, the moving party is not awarded attorneys fees.

The moving party has failed to plead adequate facts and present sufficient evidence to support the court waving the 14-day stay of enforcement required under Rule 4001(a)(3), and this part of the requested relief is not granted.

No other or additional relief is granted by the court.

The court shall issue a minute order substantially in the following form holding that:

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Motion for Relief From the Automatic Stay filed by the creditor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that the automatic stay provisions of 11 U.S.C. Section 362(a) are immediately vacated to allow 2026 Comstock Drive, Gardenerville, Nevada, its agents, representatives, and successors, and trustee under the trust deed, and any other beneficiary or trustee, and their respective agents and successors under any trust deed which is recorded against the property to secure an obligation to exercise any and all rights arising under the promissory note, trust deed, and applicable non-bankruptcy law to conduct a non-judicial foreclosure sale and for the purchaser at any such sale obtain possession of the real property commonly known as 2026 Comstock Drive, Gardenerville, Nevada.

No other or additional relief is granted.